Geraldine H. CODY, Appellant,

v.

MUSTANG OIL TOOL CO., INC. et al., Appellees.

No. 5404.

Court of Civil Appeals of Texas, Eastland.

Feb. 21, 1980.

Rehearing Denied March 13, 1980.

Sam A. Westergren, Jr., Corpus Christi, for appellant.

J. M. Burnett and H. T. Hermansen, Jr., Dyer & Redford, Corpus Christi, for appellees.

RALEIGH BROWN, Justice.

This is a suit for damages for personal injuries sustained in an automobile collision. An automobile driven by Geraldine H. Cody and owned by Eugene Schacherl was involved in an intersection collision with an automobile owned by Mustang Oil Tool Company and driven by its employee, William R. Brown. Cody and Schacherl sued Brown and Mustang alleging that Brown's negligence was the proximate cause of the collision. Mustang and Brown counterclaimed alleging that Cody and Schacherl were engaged in a joint venture and that Brown's negligence was the proximate cause of the accident. Following a jury trial, judgment was entered that Cody take nothing on her claim, that Schacherl recover $6,118.51 from Mustang and Brown; that Mustang and Brown recover $4,282.95 from Cody; and that Mustang recover $1,215.04 from Cody. Only Cody appeals. We reverse and remand in part and sever and affirm in part.

■ Cody contends that the trial court erred in overruling her motion for a mistrial because the investigating police officer testified before the jury that he issued Cody a ticket for running a red light. We agree.

The court, before trial and the selection of a jury, had granted Cody's motion in limine prohibiting Brown, Brown's counsel, or his witnesses from giving any testimony that she "was issued a traffic citation or ticket as the result of the collision made the basis of this suit." The order further required counsel to warn and to caution each of their witnesses to follow the same instructions. In spite of such order, Officer Jenkins testified that he "issued Mrs. Cody a ticket for running a red light." The thrust of Cody's argument is that the issue concerning which party ran the red light was sharply drawn. There were no witnesses to the occurrence other than Cody, Schacherl and Brown. Cody argues that this improper evidence influenced the jury in such a way as was calculated to cause and probably did cause the rendition of an improper judgment.

■ It is settled in Texas that traffic tickets are only given for violation of penal ordinances or statutes and not for the purpose of establishing fault in civil litigation. *Condra Funeral Home v. Rollin*, 158 Tex. 478, 314 S.W.2d 277 (1958); *Isaacs v. Plains Transport Company*, 367 S.W.2d 152 (Tex. 1963).

At issue then is whether the improper evidence probably influenced an unfavorable verdict against Cody. The resolution of this question is stated by the court in *Pittman v. Baladez*, 158 Tex. 372, 312 S.W.2d 210 (Tex.1958):

This question is to be determined as a matter of our judgment in the light of the record as a whole. Pittman, in order to discharge his burden of establishing the inadmissible evidence was prejudicial, was not required to prove or demonstrate that but for the erroneous action of the trial court in admitting the testimony, a different judgment would necessarily have resulted. See *Texas Power & Light Co. v. Hering*, 148 Tex. 350, 224 S.W.2d 191, 192; *Southwestern Greyhound Lines v. Dickson*, 149 Tex. 599, 236 S.W.2d 115. It was only necessary that he establish that the evidence was reasonably calculated to and probably did cause the rendition of an improper judgment. See *American General Ins. Co. v. Jones*, 152 Tex. 99, 255 S.W.2d 502; *Missouri-Kansas-Texas Railroad Co. v. McFerrin*, 156 Tex. 69, 291 S.W.2d 931, 944; Rules 434 and 503, Texas Rules of Civil Procedure.

Our examination of the entire record as regards the liability issues reflects that both Cody and Brown testified, in part, as to having entered the intersection while the traffic light was green. Schacherl testified that he and Cody first stopped at the light because it was red; then proceeded into the intersection only after the light had turned green.

Wheeler, a photographer who took photographs at the scene of the accident, testi-

fied that he saw Schacherl at the time and overheard him say that the automobile driven by Brown ran a red light.

Officer Jenkins testified regarding tests he made in connection with the operation of the traffic signal and to the operation of a vehicle in a manner as Brown testified his vehicle had been operated. He testified that he had had extensive training in connection with accident investigation during the thirteen years that he had been a police officer. Then, after having testified as to the thoroughness of his investigation and his familiarity with the intersection, the following testimony was given:

Q What did you do next, Officer Jenkins?

A After that I got the vehicles moved. I then went to the hospital to check on Mrs. Cody and her passenger. I wanted to talk to Mrs. Cody at that time to get her version of how the accident occurred. She was in no position to answer any questions. I didn't have a doctor tell me not to, but I just wouldn't bother the lady at that time.

Q All right. What did you do next, Officer?

THE COURT: May the Officer sit, Counsel?

MR. HERMANSEN: Certainly. I'm sorry.

A I then issued Mrs. Cody a ticket for running a red light and then I left.

The jury found Cody failed to keep a proper lookout and entered the intersection when the traffic signal light facing her was red. Each act was a proximate cause of the occurrence in question.

Brown was found to be negligent in driving at a greater rate of speed than a person using ordinary care and that such action was a proximate cause of the occurrence.

The jury concluded that Cody was negligent to the extent of 70% and that Brown was negligent to the extent of 30%.

The question of which vehicle ran the red light was a vital issue in the case. The trial court correctly granted Cody's motion in limine to restrain witnesses from testifying as to Cody's receipt of a traffic ticket for allegedly having run the red light. Although the violation of the order may have been unintentional, its violation is of concern. A judicial proceeding must be conducted with decorum and due respect for the rulings of the court. Justice Pope discussing a motion in limine in *Burdick v. York Oil Company*, 364 S.W.2d 766 (Tex. Civ.App.-San Antonio 1963, writ ref'd n. r. e.), said:

A motion in limine to exclude anticipated evidence may be presented to the court. The practice is approved in *Ford v. Carpenter*, 147 Tex. 447, 216 S.W.2d 558, 560, overruled on other points in *Condra Funeral Home v. Rollin*, 158 Tex. 478, 314 S.W.2d 277. When the court has ruled on a point, the same evidence should not again be offered in the presence of the jury.

\* \* \* \* \* \*

The presentation of excluded matter to the jury by suggestion, by the wording of a question, or by indirection, violates professional standards and counsel's duty to the court. Canon 19, State Bar Rules, 1A Vernon's Tex.Civ.Stat., p. 236.

\* \* \* \* \* \*

There is a duty upon the court to rule decisively. *McLellan v. Brownsville Land & Irrigation Co.*, 46 Tex.Civ.App. 249, 103 S.W. 206. When error creeps into the record, the court should instruct the jury to disregard it. *Lucas v. Alsmeyer*, Tex. Civ.App., 322 S.W.2d 19. The judge must do more. He must enforce his rulings. Violations of a court's solemn rulings should "lead to serious consequences."

Under the record in the case at bar, the court having granted the motion in limine should have granted a mistrial for its violation.

We also hold that the admissible evidence introduced by the parties on the issue of who ran the red light was not heavily balanced in favor of either party. We con-

clude, therefore, that in light of the record as a whole, the introduction of the incompetent evidence given by Officer Jenkins as to his giving Cody a ticket for running the red light amounted to such a denial of the rights of Cody as to probably cause the rendition of an improper judgment.

Since there is no appeal from that portion of the judgment awarding Schacherl a recovery against Mustang and Brown, same is severed and affirmed. All other portions of the judgment are reversed and the cause as to such matters remanded.