Larry R. LASSITER, Appellant,

v.

Bennie R. SHAVOR, Appellee.

No. 05–91–00452–CV.

Court of Appeals of Texas,
Dallas.

Jan. 21, 1992.

John A. Hixon, Arlington, for appellant.

James I. Harlan, Dallas, for appellee.

## OPINION

Before WHITHAM, OVARD and MALONEY, JJ.

MALONEY, Justice.

Larry R. Lassiter appeals from a final judgment rendered for Bennie R. Shavor. In one point of error, Lassiter maintains that the trial court erred in striking his answer and counterclaim, dismissing the jury, and granting judgment for Shavor. We sustain his point of error, reverse the trial court's judgment, and remand this cause for further proceedings consistent with this opinion.

## STATEMENT OF FACTS

Shavor sued Lassiter on a promissory note. Shavor employed James I. Harlan to represent him in the suit. At one time, a Lassiter-controlled entity employed both Shavor and Harlan.

Lassiter filed an answer and a counterclaim. Shavor filed a motion in limine requesting that Lassiter not elicit certain evidence during trial without first obtaining a ruling from the trial court. The trial court ordered, "Any reference that James I. Harlan was formerly employed by any corporations affiliated or owned in whole or in part by Larry R. Lassiter, Cynthia S. Lassiter, or any other Lassiter controlled entities" not be brought before the jury without first having a hearing before the court.

During the direct examination of Lassiter, one of his answers indicated that Harlan had left TCPI's employ. TCPI was a Lassiter entity. Counsel for Shavor objected. The court removed the jury from the courtroom and heard arguments on the violation of the order in limine. The court granted Shavor's motion to strike Lassi-

ter's pleadings for the violation and dismissed the jury. The court rendered a final judgment for Shavor.

## PRESERVATION OF ERROR

Lassiter argues that the trial court has no authority to strike pleadings for violation of an order in limine. Shavor contends that Lassiter did not preserve this complaint for appellate review. He argues that Lassiter's objection at trial was too broad and lacked specificity. Shavor also maintains that, because Lassiter did not request a hearing on his motion for new trial, he does not have a ruling on his motion for new trial.

### 1. Applicable Law

■ Texas rules require a specific objection to preserve error on appeal "if the specific grounds were not apparent from the context." TEX.R.APP.P. 52(a). An objection is specific if it allows the trial court to make an informed ruling and the other party to remedy the defect, if he can. *See McKinney v. National Union Fire Ins. Co.*, 772 S.W.2d 72, 74 (Tex.1989) (op. on reh'g).

■ If the court does not rule on a motion for new trial within seventy-five days, it is overruled by operation of law. *See* TEX.R.CIV.P. 329b(c). Overruling by operation of law preserves a complaint for appellate review. *See Cecil v. Smith*, 804 S.W.2d 509, 511 (Tex.1991); TEX.R.APP.P. 52(a).

### 2. Application of Law to Facts

■ The record shows that immediately after the trial court orally struck the pleadings, Lassiter's attorney stated, "[A]t this time note our exception." The context in which he made his objection left no doubt to what he was objecting—the striking of Lassiter's pleadings.

By his motion for new trial, Lassiter again brought his complaint to the trial court's attention. Moreover, Lassiter made specific objections in his motion for new trial. Shavor relies on *Prade v. Helm*, 725 S.W.2d 525 (Tex.App.—Dallas 1987, no

writ), to support his contention that Lassiter failed to obtain a ruling on his motion for new trial. In *Helm,* an attorney appeared at a hearing to complain of untimely notice of the hearing. The *Helm* court limited its decision to that fact situation. *Id.* at 527 & n. 3.

Lassiter preserved his complaint for appellate review by a timely objection at trial and by a motion for new trial.

## AUTHORITY FOR STRIKING PLEADINGS

### 1. Applicable Law

■ Courts may enforce their orders by contempt. *See Equitable Trust Co. v. Lyle,* 627 S.W.2d 824, 825 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.); TEX. GOV'T CODE ANN. §§ 21.001, 21.002 (Vernon 1988 & Supp.1992). Courts possess all inherent powers necessary for the enforcement of their lawful orders. *See Lyle,* 627 S.W.2d at 825; TEX.GOV'T CODE ANN. § 21.001(a) (Vernon 1988). Although Texas rules specifically authorize the striking of pleadings as a sanction for discovery abuse, *see* TEX. R.CIV.P. 215, no such specific authority exists for violations of orders in limine. However, under appropriate circumstances, the striking of pleadings and rendering of default judgments are available sanctions for disobedience of pretrial orders. *See Koslow's v. Mackie,* 796 S.W.2d 700, 703–04 & n. 1 (Tex.1990).

### 2. Application of Law to Facts

Lassiter maintains that *Cody v. Mustang Oil Tool Co.,* 595 S.W.2d 214, 216 (Tex.Civ. App.—Eastland 1980, writ ref'd n.r.e.), holds that a mistrial is the only remedy for violation of an order in limine. We disagree. Cody argued on appeal that the trial court erred in overruling her motion for a mistrial. She did not argue or request any other remedy. The *Cody* court, in response to Cody's argument, held that the trial court had erred in failing to grant a mistrial. It also quoted with approval Justice Pope's commentary in *Burdick v. York Oil Co.,* 364 S.W.2d 766, 770 (Tex.Civ. App.—San Antonio 1963, writ ref'd n.r.e.)— "[v]iolations of a court's solemn rulings

should 'lead to serious consequences.' " *Cody,* 595 S.W.2d at 216. We do not read *Cody* as holding that a mistrial is the *exclusive* remedy for violation of an order in limine.

We hold that a trial court may strike a party's pleadings as a sanction for violation of an order in limine if the circumstances warrant such a harsh remedy.

## ABUSE OF DISCRETION

Lassiter next contends that the trial court abused its discretion in striking his pleadings.

### 1. Standard of Review

■ We leave the imposition of an available sanction to the sound discretion of the trial court. An appellate court can set aside a trial court's sanctions only for clear abuse of discretion. The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles, or whether under all the circumstances of the particular case, the court's action was arbitrary or unreasonable. *Koslow's,* 796 S.W.2d at 704. A sanction for failure to obey a court order must always be *appropriate* to the circumstances of the case. *Id.* at 703–04 n. 1.

■ Sanctions for discovery abuse must be just. *See TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 916–17 & n. 4 (Tex.1991). The *TransAmerican* court stated that "appropriate" and "just" are equivalent standards. *Id.* We determine whether a sanction is just (or appropriate) by the following standards:

1. There must be a direct relationship between the offensive conduct and the sanction imposed. The trial court must direct the sanction against the abuse and toward remedying the prejudice suffered by the innocent party. The court must attempt to determine whether the offensive conduct is attributable to counsel only, to a party only, or to both. The trial court must sanction the offender.

2. Courts should consider the availability of less stringent sanctions and whether such lesser sanctions would fully pro-

mote compliance. The sanction must not be excessive; the punishment must fit the crime. *Id.* at 917.

■ Striking a party's pleadings is a severe sanction. Severe sanctions are limited not only by *TransAmerican* standards but also by constitutional due process requirements. *Id.* at 917–18. "Sanctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." *Id.* at 918. Ultimate penalties such as striking pleadings and rendition of a default judgment should be the exception rather than the rule. *Id.* at 919.

### 2. Application of Law to Facts

The *TransAmerican* principles of review of striking a party's pleadings as discovery sanctions apply equally to sanctions for violation of pretrial orders. Sanctions must be *appropriate* to the circumstances of the case.

■ Lassiter's attorney argued that the violation of the order was unintentional and inadvertent. He represented to the court that initially he had not expected to call Lassiter as a witness and had not advised Lassiter about the order in limine. Shavor's attorney maintained that Lassiter was in the courtroom and heard the motion in limine argued and the court's ruling. Shavor's attorney contended that it was the duty of Lassiter's attorney to make his client aware of the rulings contained in the order in limine.

When the court announced it was striking the pleadings, Lassiter's attorney asked to put Lassiter on the witness stand. The trial judge was "not particularly concerned about what Mr. Lassiter believe[d]. The record [would] speak for itself." In reply to counsel's suggestion that Lassiter may not have heard the court's oral order in limine, the trial judge related, "Counsel, I am not concerned with what Mr. Lassiter

heard. It is your duty to instruct your client as to the legal effect of a motion in limine."

The court directed its sanction against Lassiter. However, the trial court appeared unconcerned with whether Lassiter was at fault. This alone shows no direct relationship between the offensive conduct and the sanction imposed. *See TransAmerican,* 811 S.W.2d at 917–18.

The most severe sanction a court can impose on a party is to strike his pleadings. The record does not reflect that Lassiter acted in flagrant bad faith or with callous disregard for the trial court's order in limine. The trial court made no such findings.[1] The court implied it did not matter whether Lassiter's counsel or Lassiter himself was responsible for the violation of the order in limine. Under these circumstances, the harsh sanction did not meet the requirements of due process. *See id.* at 917–19.

The trial court did not have the benefit of the *TransAmerican* opinion. Nevertheless, we are bound to follow and apply its teachings. *See, e.g., Borders v. Hartman,* 814 S.W.2d 389 (Tex.1991) (per curiam); *Hartford Accident & Indem. Co. v. Abascal,* 814 S.W.2d 389 (Tex.1991) (per curiam) (both cases involving denials of petitions for mandamus to allow trial courts to reconsider discovery sanctions under *TransAmerican*).

We hold that the trial court abused its discretion in imposing the ultimate sanction of striking Lassiter's pleadings. We sustain Lassiter's sole point of error. We reverse the trial court's judgment. We remand this cause for further proceedings consistent with this opinion.

---

1. The Supreme Court of Texas does not require the court to make findings in support of sanctions. Findings would aid appellate review, particularly with severe sanctions. *See TransAmerican,* 811 S.W.2d at 919 n. 9.