**E.B. KENDRIX, Appellant,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, Appellee.**

No. 09–93–274 CV.

Court of Appeals of Texas, Beaumont.

Sept. 28, 1995.

Rehearing Overruled Oct. 18, 1995.

L. Brent Farney, Law Offices of George Chandler, Lufkin, for appellant.

Mainess Gibson, Gibson & Associates, Houston, Elizabeth B. Pratt, Mehaffy & Weber, Beaumont, for appellee.

## OPINION

STOVER, Justice.

This is an appeal from a judgment entered upon a jury verdict. Appellant had filed a law suit as a result of a collision at a railroad crossing between appellant in his 18–wheeler and a Southern Pacific Transportation Company train. Appellant brings forth seven points of error.

On October 5, 1987, E.B. Kendrix was driving his 18–wheeler to the sawmill in Diboll to pick up a load of wood for his employer. Kendrix approached a railroad crossing and as he began to cross, a Southern Pacific northbound train had also approached the crossing and the train struck the 18–wheeler. Appellant and his passenger (Don Virnau, his brother-in-law) received injuries as a result of this collision.

The jury determined that the railroad crossing in question was extra-hazardous, found both Southern Pacific and Kendrix to be negligent, attributing negligence 60 percent to Kendrix and 40 percent to Southern Pacific. Accordingly, the trial court entered a take-nothing judgment. Appellant contends in his first point of error that repeated violations of the court's rulings on his motion

in limine caused the rendition of an improper verdict.

Appellant filed his motion in limine prior to the beginning of any testimony. The record reflects the trial judge entered rulings on the motions in limine. The trial judge obviously granted appellant's motion in limine and as he admonished defense counsel during the trial to remember the motion in limine and "stay away from" prohibited areas. The trial judge said: "I've already made my rulings on all the items that have been presented to the court. I'll just ask both sides to remember the Motion in Limine." The trial judge's concern over violations of the appellant's motion in limine is further reflected when the judge tells defense counsel that "I don't think he [the witness] in any way, shape, form or fashion was thinking about violating a Motion in Limine. But since he did, I'm not going to let you do it, too." Both counsel for plaintiff and defendant were aware of the trial court's ruling.

▪ Paragraph 1 of appellant's motion in limine precluded Southern Pacific from mentioning, directly or indirectly, whether Kendrix had received any collateral source benefits, including Worker's Compensation. This is the well-settled law of this State and every trial lawyer knows that the rules of evidence prohibit such references even absent a motion in limine. As stated in *Myers v. Thomas,* 143 Tex. 502, 186 S.W.2d 811, 813 (1945), the Supreme Court held:

> [W]e are persuaded by the fact that any testimony which is immaterial, and tends to becloud the issues and confuse and mislead the jury, is prejudicial in its effect. Such was the holding in *Barrington et al. v. Duncan,* 140 Tex. 510, 169 S.W.2d 462, and *Rojas v. Vuocolo,* 142 Tex. 152, 177 S.W.2d 962. It is ordinarily error for plaintiff to mention the fact in the presence of the jury that the defendant is insured against the liability which he is seeking to establish, or that he has no protecting insurance. For the same reason it is error to refer to the fact that the plaintiff is protected by some form of insurance. It is improper in either case because such fact is irrelevant and immaterial, and is calcu-

lated to work injury. *Rojas et al. v. Vuocolo,* and cases there cited.

Here, the words "worker's compensation" were not inadvertently uttered by a witness on the stand, they were *directly injected* by experienced defense counsel:

Q Do you know what he [Kendrix] was doing during that period of time?

A His treatment at that time was being directed by the insurance company.

Q What insurance company?

A I don't know.

Q You mean his Worker's Comp. insurance company?

Appellant's counsel immediately requested permission to approach the bench. Defense counsel proceeded with cross-examination after an off-the-record discussion and no instructions were given to cure the violation. Appellant formally moved for a mistrial on the grounds of this violation of the motion in limine and other misconduct. Recognizing the prejudicial impact of defense counsel's interjection of "Worker's Compensation" into the trial, the trial judge did not rule decisively, but decided to follow *Ford v. Carpenter,* 147 Tex. 447, 216 S.W.2d 558 (1949), and *Burdick v. York Oil Co.,* 364 S.W.2d 766 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.), and advise defense counsel of possible "serious consequences" by stating he was carrying the motion for mistrial with the case, however, the trial judge never granted appellant any trial or post-trial relief from such motion.

On the final day of the trial defendant's attorney called plaintiff, E.B. Kendrix, to the stand and the following interrogation occurred:

Q You heard your brother-in-law, Don Virnau, testify that, and he's the only guy that really was where you were and could see what you could see, basically, correct?

A Yes, sir.

Q And he testified that in his opinion, the railroad was—

A He testified what?

Q That in his opinion, the railroad was one hundred percent at fault?

A  Yes, sir.

Q  Isn't it true that Mr. Virnau sued you and your employer claiming you were at fault in this accident?

A  No, sir.

[PLAINTIFF'S COUNSEL]: Your Honor, may we approach?

THE COURT: All right.  I sustain the objection.

It cannot be said that the defendant attorney was not aware of the motion in limine because he attempted to explain his question to the court by saying:

> Here is the thing.  They asked about prior suits in which he was involved claiming some sort of claim or element of injury.  That's not what we're getting at.  This impeaches this plaintiff's story and all of their witnesses' story and their lawyers' story entire theory of the case.  It's offered solely for impeachment.

█ We conclude defense counsel improperly, and in violation of the motion in limine, told the jury that appellant's brother-in-law sued appellant for injuries from the same collision.  Paragraph 4 of appellant's motion in limine prohibited Southern Pacific from mentioning, directly or indirectly, any prior or subsequent suits brought in connection with this collision.  As noted, the appellant's brother-in-law, a Mr. Virnau, was a passenger in the truck Kendrix was driving when hit by the train.  There was no evidence that Virnau had ever sued or alleged that Kendrix was in any way at fault in the wreck.

Appellant's counsel promptly objected, preserved the error and presented specific grounds for a ruling.  The trial judge offered to give an instruction, which was declined by appellant's counsel.  Appellant obviously felt that no instruction could mitigate the inescapable conclusion that Don Virnau, Kendrix' brother-in-law, blamed him and not the railroad for the collision.  The question was so improper because the witness, Virnau, testified by deposition that the railroad was one hundred percent negligent in the case.  The defense attorney was well aware that Mr. Virnau was unable to testify in this case because of a health problem.

The allegation that Mr. Virnau filed suit against Mr. Kendrix was totally immaterial and strongly prejudicial.  No instructions could cure the improper impression this allegation left on the minds of the jurors.  The jurors, who knew that Mr. Virnau was probably in the best position to see who was at fault, were left with the impression that Mr. Virnau sued Kendrix because he felt Kendrix was at fault for the collision.  Furthermore, the jury could believe that Mr. Virnau did not testify live, not because he was ill, but because he would testify against his brother-in-law.

We conclude this caused the rendition of an improper verdict by improperly impeaching Kendrix with false hearsay of a relative who purportedly ascribed causation to the appellant.  This was such a blatant violation of the rules of evidence as to alone necessitate a new trial.

The question was so prejudicial that before the appellant's attorney could object, the court had already sustained the objection.  The court, obviously, was well aware that this was in violation of the motion in limine and highly prejudicial to the appellant, injecting this issue where the matter of comparative negligence was to be submitted before the jury.  The appellant's attorney made a motion for mistrial.  The trial court denied the motion.

In *Cody v. Mustang Oil Tool Co., Inc.,* 595 S.W.2d 214, 216 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.), the court held:

> A judicial proceeding must be conducted with decorum and due respect for the rulings of the court.  Justice Pope discussing a motion in limine in *Burdick v. York Oil Company,* 364 S.W.2d 766 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.), said:
>
> > A motion in limine to exclude anticipated evidence may be presented to the court.  The practice is approved in *Ford v. Carpenter,* 147 Tex. 447, 216 S.W.2d 558, 560, overruled on other points in *Condra Funeral Home v. Rollin,* 158 Tex. 478, 314 S.W.2d 277.  When the court has ruled on a point, the same evidence should not

again be offered in the presence of the jury.

\* \* \* \* \* \*

The presentation of excluded matter to the jury by suggestion, by the wording of a question, or by indirection, violates professional standards and counsel's duty to the court. Canon 19, State Bar Rules, 1A Vernon's Tex.Civ.Stat., p. 236.

\* \* \* \* \* \*

There is a duty upon the court to rule decisively. *McLellan v. Brownsville Land & Irrigation Co.,* 46 Tex.Civ.App. 249, 103 S.W. 206. When error creeps into the record, the court should instruct the jury to disregard it. *Lucas v. Alsmeyer,* Tex.Civ.App., 322 S.W.2d 19. The judge must do more. He must enforce his rulings. Violations of a court's solemn rulings should "lead to serious consequences."

Under the record in the case at bar, the court having granted the motion in limine should have granted a mistrial for its violation.

The question was in direct violation of a court order. The trial court should have ruled decisively and granted a mistrial, enforcing its admonishment of "serious consequences."

Appellant urges other violations of the motion in limine and prejudicial conduct. Appellant cites this court to the case of *Dove v. Dir., State Emp. Workers' Comp.,* 857 S.W.2d 577, 580 (Tex.App.—Houston [1st Dist.] 1993, writ denied), wherein the court states:

Nevertheless, because of the number of improper questions and their prejudicial content, which the jury heard in each case, we are unable to hold that the violations did not probably cause the rendition of an improper judgment. Tex.R.App.P. 81(b)(1). Violations of an order on a motion in limine are incurable if instructions to the jury would not eliminate the danger of prejudice. *Dennis v. Hulse,* 362 S.W.2d 308, 309 (Tex.1962). That is the case here.

We agree that the repeated violations of the court's rulings on appellant's motion in limine did cause the rendition of an improper verdict and therefore, we sustain appellant's point of error one. Tex.R.App.P. 81(b)(1).

We would now address point of error seven, wherein appellant contends the trial court erred in refusing to grant a new trial. As stated in his brief:

Finally, the trial court's final error was in refusing to grant a new trial. For all the reasons set forth in this brief, considered singularly or in any combination, the railroad set out to deny the plaintiff a fair trial. The railroad might have won the case by playing by the rules, but its lawyers chose not to do that—after all, the railroad can afford to try as many new trials as they please.

Appellant begs this Court not to allow the appellee's and its lawyers' misconduct in this case to go unpunished. The first step to justice would be a new trial.

Since we have concluded the trial court should have granted a mistrial, obviously, we sustain point of error seven and reverse and remand this cause for a new trial. Inasmuch as we have found error, we will not address appellant's remaining points of error.

REVERSED AND REMANDED.

WALKER, Chief Justice, dissenting.

The majority having chosen to reverse and remand this case by sustaining appellant's points of error one and seven, necessitates my dissent.

My perception of appellant's contention in point of error one is that the cumulative effect of defense counsel's alleged violation of the motion in limine as a whole resulted in incurable prejudice to appellant. We have here a post-trial reconstruction of the trial court's original rulings on appellee's motion in limine. The very thrust of appellant's complaint in point of error one is directed to violations of the motion in limine. A motion in limine is not a valid substitute for an objection or motion to strike. On appeal, the party may not predicate his complaint on a motion in limine. *See Methodist Hospitals of Dallas v. Corporate Communicators, Inc.,* 806 S.W.2d 879, 883 (Tex.App.—Dallas 1991, writ denied).

In *Hartford Accident & Indemnity Co. v. McCardell,* 369 S.W.2d 331, 335 (Tex.1963), our Texas Supreme Court held:

> If a motion in limine is overruled, a judgment will not be reversed unless the questions or evidence were in fact asked or offered. If they were in fact asked or offered, an objection made at that time is necessary to preserve the right to complain on appeal that such questions asked or such evidence tendered were so prejudicial that the mere asking or tendering should require a reversal.

Appellant's failure to make timely and specific objections at the time evidence was offered, constitutes a waiver of that complaint. *See* TEX.R.APP.P. 52(a); TEX.R.CIV.EVID. 103(a).

Appellant's primary complaint seems to be that a witness being interviewed at trial by defense counsel referred to plaintiff's workers' compensation insurance company. Workers' compensation insurance was mentioned on one occasion during trial and only after appellant's medical witness informed the jury that the plaintiff's medication care was being handled under "insurance" during a period of time. It was appellant who injected the existence of liability insurance into the case. It was appellant's responsibility to advise his witnesses regarding the motion in limine. The injection of insurance by appellant into the trial of this case could have very likely created the belief in the minds of the jurors that the railroad's insurance was paying for medical care.

The majority recognizes that immediately following the mention of workers' compensation, appellant's counsel "immediately requested permission to approach the bench." Approaching the bench is not tantamount to nor the equivalent of a proper objection by appellant. The record is clear that appellant did not object to the mention of workers' compensation insurance at the time of admission nor did appellant request a curative instruction. Where there is a claim that evidence has been improperly admitted, the record must reflect that the party seeking to suppress the evidence made a proper objection when the evidence was actually offered at trial. *See Wilkins v. Royal Indemnity Co.,* 592 S.W.2d 64, 66–67 (Tex.Civ.App.— Tyler 1979, no writ).

The majority also sustains appellant's point of error one based upon the colloquy regarding a prior lawsuit. The trial court offered appellant a curative instruction which was rejected by appellant. When a party refuses to accept a "cure" to the objection the party waives the error. *See Speier v. Webster College,* 616 S.W.2d 617 (Tex.1981); *Celotex Corp. v. Tate,* 797 S.W.2d 197 (Tex. App.—Corpus Christi 1990, no writ). *See also State Bar of Texas v. Evans,* 774 S.W.2d 656 (Tex.1989). An instruction to disregard would have cured any error.

I would hold that the error complained of in appellant's point of error one was waived. Thus, the refusal by the trial court to grant a new trial should also be overruled.