NUMBER 13-04-241-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 


YOLANDA VALENZUELA, ET AL., Appellants,


v.
 


HELDENFELS BROTHERS, INC., Appellee.

 
 

On appeal from the 148th District Court 


of Nueces County, Texas.


 
 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza 


Memorandum Opinion by Justice Rodriguez



 This appeal arises from (1) a wrongful death and survival action filed by
appellants, Yolanda Valenzuela, individually and as next friend of Hector Daniel
Valenzuela and Jose Luis Valenzuela, minors, and as administratix of the estate of
Oscar Valenzuela, deceased, and for and on behalf of all those entitled to recover for
his death under the Texas Wrongful Death Act, Mark Valenzuela, Leonard Valenzuela,
Oscar Valenzuela, Jr., and Lisa Maria Valenzuela, against appellee, Heldenfels Brothers,
Inc. (Heldenfels), and (2) a subrogration claim filed by appellant, Bituminous Insurance
Company, against appellee. (1) A jury found in favor of appellee, and the trial court
entered judgment that appellants take nothing. By two issues, appellants contend that
the trial court erred in (1) denying their motion for new trial and (2) admitting
Occupational Safety and Health Administration (OSHA) citations into evidence. We
affirm. 

I. Background

II. Admission of OSHA Citations

 By their second issue, appellants assert that the trial court erred in admitting
into evidence OSHA citations that allegedly caused an adverse jury verdict. (2)

A. Standard of Review

 Evidentiary rulings are committed to the trial court's sound discretion. Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998) (citing City of
Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995)). A trial court abuses its
discretion when it rules without regard for any guiding rules or principles. Id. (citing
Alvarado, 897 S.W.2d at 754). We must uphold the trial court's evidentiary ruling if
there is any legitimate basis for the ruling. Id. (citing State Bar of Tex. v. Evans, 774
S.W.2d 656, 658 n.5 (Tex. 1989)). Moreover, we will not reverse a trial court for an
erroneous evidentiary ruling unless the error "probably caused the rendition of an
improper judgment." Tex. R. App. P. 44.1(a)(1); Malone, 972 S.W.2d at 43 (citing Gee
v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989)).

B. Analysis

 At trial, Heldenfels sought to introduce into evidence, pursuant to Texas Rule
of Evidence 803(8), a copy of OSHA citations issued to Haas-Anderson Construction,
Inc., the decedent's employer at the time of the accident giving rise to the underlying
suit. See Tex. R. Evid. 803(8). The OSHA citations were issued to Haas-Anderson as
a result of OSHA's investigation into the decedent's death, which allegedly resulted
from an on-the-job injury that he sustained while trying to load an emulsion tank that
was manufactured by Heldenfels. The trial court admitted the OSHA citations, over
appellants' objection.

 On appeal, appellant challenges the "substantive basis" for the admission of the
OSHA citations and urges this Court to apply the law relied on in Condra Funeral Home
v. Rollin, and Cody v. Mustang Oil Tool Co., Inc., to the facts of this case. (3) See
Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277, 282 (1958); Cody
v. Mustang Oil Tool Co., Inc., 595 S.W.2d 214, 215 (Tex. Civ. App.-Eastland 1980,
writ ref'd n.r.e.). Condra Funeral Home and Cody involve suits for damages for
personal injuries sustained in automobile collisions; neither of the cases implicates
OSHA standards or citations. See generally Condra Funeral Home, 314 S.W.2d 277;
Cody, 595 S.W.2d 214. Rather, the holdings in Condra Funeral Home and Cody rely
on settled law that states that "traffic tickets are only given for violation of penal
ordinances or statutes and not for the purpose of establishing fault in civil litigation." 
Condra Funeral Home, 314 S.W.2d at 282; Cody, 595 S.W.2d at 215. Thus,
appellants are urging the Court to analogize traffic citations to OSHA citations for
evidentiary purposes. However, appellants have provided no authority for extending
the law related to traffic citations to OSHA citations, and we have found none. 
Therefore, we decline to do so. 

 Moreover, Texas Rule of Evidence 803(8) permits the admission of records and
reports of public offices or agencies, which set forth (1) the activities of the office or
agency, (2) matters observed pursuant to duty imposed by law as to which matters
there was a duty to report, and (3) in civil cases, factual findings as to any party
resulting from an investigation made pursuant to authority granted by law, unless the
sources of information indicate lack of trustworthiness. Tex. R. Evid. 803(3). Here,
the custodian of records for the United States Department of Labor certified that the 
copies of documents contained in Defendant's Exhibit 41, which includes the OSHA
citations at issue, were true copies of the official documents. The OSHA citations,
which also include a notice of penalty, set forth (1) activities of the agency related to
the citations and penalties, (2) matters observed during the investigation of the
accident giving rise to the underlying suit, and (3) factual findings resulting from an
investigation of the accident in question conducted pursuant to the Occupational
Safety and Health Act of 1970. Therefore, the OSHA citations met the requirements
of Texas Rule of Evidence 803(8), and thus, were admissible into evidence.

 As a result, we conclude the trial court properly admitted the OSHA citations
into evidence. We overrule appellants' second issue. 

III. Motion for New Trial

 By their first issue, appellants contend the trial court erred in denying their
motion for new trial based upon the trial court's error in admitting the OSHA citations
at issue into evidence. However, having concluded that the trial court properly
admitted the OSHA citations, we need not address appellants' first issue. See Tex.
R. App. P. 47.1. 

IV. Conclusion

 Accordingly, we affirm the judgment of the trial court.


 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 10th day of August, 2006.
1. Although appellants had also named Haas-Anderson Construction, Inc., Heldenfels Construction
Materials, Inc., Texas Fabricators, Inc., and James Parish as defendants in the lawsuit, appellants later
non-suited these defendants. Therefore, Heldenfels Brothers, Inc. is the only appellee in the present
appeal.
2. We note that appellant challenges only the admission of "OSHA citations." However,
Defendant's Exhibit 41, the exhibit which contains copies of the "OSHA citations," also contains copies
of the OSHA inspection reports, letter of corrective action, informal settlement agreement, invoice/debt
collection notice, fatality/catastrophe report, and worksheets related to the accident giving rise to the
underlying suit. Nevertheless, because appellant only challenges the admission of the "OSHA citations,"
we will limit our analysis to the OSHA citations.
3. To the extent appellant may challenge the procedural basis for the admission of the OSHA
citations, the briefing is inadequate. See Tex. R. App. P. 38.1(h) (providing that appellant's brief must
contain a clear and concise argument for the contentions made, with appropriate citations to authorities
and to the record). Therefore, such a contention is not before us.