In the Matter of the MARRIAGE OF Theodore M. NEIDERT and Helen Neidert.

No. 9033.

Court of Civil Appeals of Texas, Amarillo.

May 21, 1979.

John M. Harris, Irving, for appellant.

Briggs, Brown & Berkley, Tom P. Briggs, Dallas, for appellees.

REYNOLDS, Justice.

The award of attorney's fees in this contempt proceeding, in which no contempt was found, is unauthorized. Reversed and rendered.

On or about 23 November 1977 a decree of divorce was entered in the 301st District Court in Dallas County dissolving the marriage of Theodore M. Neidert and Helen Neidert. One portion of the decree provided that their residence be sold and the net proceeds be divided equally between them. The court further directed that each party "shall execute all instruments necessary to effect this Decree."

Some four months later, on 16 May 1978, appellee, Helen Neidert, filed a motion for contempt in the same cause alleging that appellant, Theodore M. Neidert, failed to sign those papers necessary to effectuate a transfer of their previous residence. She also alleged she had incurred substantial attorney's fees in connection with the motion for contempt and requested that appellant be ordered to pay those fees and any costs of court out of his share of the proceeds from the sale of the residence.

On 15 June 1978 the trial court entered its order finding that although appellant had not executed the papers necessary for the sale of the residence at the time the motion for contempt was filed, he had done so at some time prior to the hearing on the motion, and was, therefore, not in contempt of court. It was ordered that the $300 in attorney's fees and $34 in court costs incurred by appellee in bringing her motion for contempt be assessed against the appellant and that such amounts be paid out of his share of the net equity received upon the sale of the residence.

Appellant presents two points of error asserting it was improper to award attorney's fees against him and to modify his property rights by ordering the attorney's fees be paid out of his share of the net proceeds from the sale of the real property. Appellee insists there was no error by the trial court, arguing that, (1) the assessment of attorney's fees was well within the jurisdiction of the trial court as punishment for appellant's failure to sign the transfer papers prior to the filing of the motion for contempt, and (2) a payment of attorney's fees through a reduction in the net proceeds of the sale is not a modification of property rights.

Attorney's fees are not recoverable in an action unless so provided by statute or by contract between the parties. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914, 915 (Tex. 1967). Statutes which authorize a recovery of attorney's fees are penal in nature and will be strictly construed. *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893, 895 (Tex. 1962). Appellee neither pleaded nor asserts on appeal the existence of a contract or statute which would allow a recovery of attorney's fees incurred in her contempt proceeding. Our independent research has revealed no statute which would support the award of the trial court. Thus, absent a contractual or statutory basis, it was error to award attorney's fees.

Appellee argues the trial court's action was a proper exercise of its power to punish one who fails to comply with a judi-

cial order. Indisputably, a district court possesses all powers necessary for the enforcement of its lawful orders; including the power to punish for contempt. Tex. Rev.Civ.Stat.Ann. art. 1911a (Vernon Supp. 1978–1979). However, punishment for contempt by a district court may only consist of a fine not to exceed $500, confinement in county jail for not more than six months, or both. Art. 1911a § 2(a). Therefore, the district court is without statutory authority to assess attorney's fees even upon a declaration of contempt.

Accordingly, the judgment of the trial court must be reversed. It becomes unnecessary to consider appellant's second point of error.

The judgment of the trail court is reversed and judgment is hereby rendered that Helen Neidert take nothing. Tex.R. Civ.P. 434.