**Robert A. SONE, Appellant,**

v.

**Sarah E. BARTLEY et al., Appellees.**

**No. 16340.**

Court of Civil Appeals of Texas,
San Antonio.

Sept. 24, 1980.

Robert A. Sone, Leakey, for appellant.

Howard H. Hasting, Jr., San Antonio, for appellees.

## OPINION

KLINGEMAN, Justice.

This is a suit by Robert A. Sone, against Sarah E. Bartley et al., which is basically a boundary dispute but in which plaintiff also asserts claims of title and possession of a portion of the premises and a claim for damages. The cause was set for trial on June 14, 1978, at which time the parties appeared and requested an opportunity to further negotiate the matter, which request was granted. Later that day the parties announced that they had generally reached an agreement but had some matters to be worked out. Defendants' attorneys thereafter prepared a proposed form of judgment which plaintiff refused to approve. On February 27, 1979, the trial court signed a judgment purporting to be an agreed judgment. Plaintiff filed a motion to set aside the judgment and requested a hearing. No hearing was ever held and the motion was overruled by operation of law.

Although plaintiff asserts five points of error, the basic thrust of his appeal may be summarized as follows: (1) the trial court erred in entering judgment on a purported settlement agreement when no full and complete settlement had ever been reached between the parties, and, that at the time the judgment was rendered plaintiff's consent to the settlement agreement had been withdrawn; and (2) the trial court erred in refusing to hear testimony in support of his motion to set aside the judgment.[1]

1. See Hensley v. Salinas, 583 S.W.2d 617 (Tex. 1979).

The judgment in question was signed on February 27, 1979, and recites that: the cause was heard on June 14, 1978; the parties announced that they had agreed to a settlement; the dispute is solely a boundary line dispute; and the judgment which is entered is a consent judgment.

Plaintiff urges that no complete agreement was ever entered into between the parties; that while some matters had been agreed upon at the time of the June 14, 1978, hearing, there were numerous other matters on which no agreement had been reached; that it had been agreed that when a final settlement was reached it would be reduced to writing and signed by all the parties, and this was never done; that the purported judgments prepared by defendants' attorneys and sent to him were not acceptable and were not agreed to or approved by him; that prior to the entry of the judgment dated February 27, 1979, the defendants' attorneys and the trial judge had both been advised that no settlement had been reached; that he had requested that the cause be set for trial on the jury docket and paid a jury fee.

Defendants agree that plaintiff had withdrawn his consent by the time the February 27, 1979, judgment was entered, but assert that they had a final binding judgment rendered on June 14, 1978, and that the signing or entry was ministerial in character and is merely evidence of a prior judicial act. In support of their contention that a final judgment was rendered on June 14, 1978, they rely chiefly on certain entries in the court docket, particularly, the entry dated June 14, 1978. The pertinent entries on the court's docket are set forth as follows:

6/14/78   Cause set for trial, all parties advised the Court all matters in controversy have been settled, settlement agreement dictated into the record, same approved, agreed Judgment to follow.

11/6/78   Cause set for hearing on agreed Judgments, arguments heard, same taken under advisement.

3/7/79   Judgement.

It is clear that at the time the judgment was rendered on March 7, 1979, plaintiff had withdrawn his consent. The transcript contains a letter dated September 18, 1978, from plaintiff to counsel for defendants, a copy of which was sent to the trial judge, in which letter he set forth several reasons why he could not agree to the proposed judgment prepared by defendants' attorneys and pointed out various things that needed to be done before an agreed settlement could be reached. The transcript also contains another letter to the same attorneys dated October 2, 1978, in answer to a letter from defendants' attorneys, in which plaintiff points out that the hearing on June 14, 1978, was for the purpose of attempting to reach a proposed settlement of the case. This letter points out various areas of disagreement between the parties, and specifically states "I want everything that could be of controversy put into writing and signed by both of us before any judgment is entered. Until this is done, we have no completed agreement, and of course, I would never agree to entering a judgment on only a part of the matters in controversy." Plaintiff then points out that he is as of that day requesting a jury in said cause and paying a jury fee. A copy of this letter was sent to the trial judge. The transcript also contains a letter to the district clerk dated October 2, 1978, requesting that said cause be placed on the jury docket and enclosing a check for the jury fee.

The law is clear that a valid consent judgment cannot be rendered by a trial court when consent of one of the parties thereto is lacking, and even though consent may have at one time been given by such dissenting party, consent must exist at the very moment the trial court undertakes to make the agreement the judgment of the court. *See Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951); *Matthews v. Looney*, 132 Tex. 313, 123 S.W.2d 871 (1939); *Beazley v. Randolph*, 409 S.W.2d 487 (Tex.Civ.App.–Houston 1966, writ ref'd n. r. e.).

In *Burnaman*, the Supreme Court stated: The same reasons which impel the setting aside of a consent judgment rendered by the court with knowledge that a party does not consent thereto will, in the interest of justice, also impel the setting aside of a consent judgment rendered when the court is in possession of information which is reasonably calculated to prompt the court to make further inquiry into the party's consent thereto, which inquiry, if reasonably pursued, would disclose the want of consent.

240 S.W.2d at 291–92.

Under the record, this case must be reversed and the case tried again. Because of our holding, it is not necessary to discuss plaintiff's other points of error. The judgment is reversed and the case remanded to the trial court for a new trial.