**Callier GRIMES, Appellant,**

v.

**Joyce GRIMES, Appellee.**

**No. A2558.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 25, 1981.

Doug Drucker, Houston, for appellant.

John N. Barnhart, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and MURPHY, JJ.

JUNELL, Justice.

This is an appeal from a judgment finding the appellant, Callier Grimes ("Callier"), in contempt of a divorce decree in which he was ordered to pay the 1976 and 1977 income tax liability of the parties and to indemnify appellee, Joyce Grimes ("Joyce"), from payment of same, except for any tax liability due for any income earned personally by her during those years. The order of contempt ordered Callier to pay the 1977 tax liability, costs of court and attorneys' fees in the amounts of $91.00 and $1,500.00 respectively. He appeals from that portion of the judgment ordering payment of attorneys' fees, contending the court had no authority to award attorneys' fees in this instance. We agree and reverse and render.

The parties were divorced October 31, 1977, and as a part of the division of the estate of the parties, Callier was ordered to pay all income tax liability of the parties for the years 1976 and 1977, other than any income tax liability due on any income Joyce earned personally for those years. On February 1, 1980, Joyce filed a motion for contempt alleging Callier had failed to pay the tax liability as ordered. On March 11, 1980, a hearing was held finding Callier in contempt and ordering him confined for failure to pay the tax liability for 1977, that he pay all income tax liability for a business known as Grimes Grass for the year 1977, that $1,500.00 be assessed against him as a reasonable attorneys' fee for prosecution of the contempt action, and that he pay court costs of $91.00. Enforcement of the order was suspended allowing him until May 9, 1980, to pay or effect agreements to pay the sums ordered. A hearing was held on May 9, 1980, at which the March 11, 1980, order was found to be incorrect and amended to reflect that the $1,500.00 attorneys' fees be taxed as costs in addition to the $91.00 court costs previously assessed against Callier. Callier was again ordered confined for contempt until payment of the 1977 Grimes Grass tax liability; and such confinement

was suspended allowing him until June 13, 1980, to pay or arrange for payment of same to the IRS. It was further ordered that Joyce's attorneys be awarded $1,500.00 for legal services rendered, which amount was assessed as costs against Callier. The amended order was entered nunc pro tunc and dated April 7, 1980.

Callier does not challenge the trial court's jurisdiction to entertain this contempt action, although it is clear that payment of the tax liability is a personal obligation imposed upon him to be made from his income or property, which constitutes a debt and is, therefore, not enforceable by contempt. Tex.Const. Art. I, § 8; *Ex Parte Sutherland*, 515 S.W.2d 137, 141 (Tex.Civ. App.—Texarkana 1974, writ dism'd). He has apparently satisfied his obligation for the 1977 taxes and appeals only the award of attorneys' fees. In his only point of error he contends the court was without authority to assess attorneys' fees against him.

Attorneys' fees are not recoverable in an action unless provided by statute or contract between the parties. *Matter of Marriage of Neidert*, 583 S.W.2d 461 (Tex. Civ.App.—Amarillo 1979, no writ); *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967). There is no contractual agreement between Callier and Joyce concerning payment of the tax liability or of attorneys' fees, this action involving enforcement of a provision in a divorce decree, not a property settlement agreement. We find no statutory basis by which an award of attorneys' fees is authorized, this action being governed by Tex.Rev.Civ.Stat.Ann. art. 1911a (Supp. 1980), which does not provide for attorneys' fees. The trial court had no authority to assess attorneys' fees in this contempt proceeding. Callier's point of error is sustained. The judgment of the trial court awarding $1,500.00 attorneys' fees is reversed and rendered.