**EQUITABLE TRUST COMPANY,**
Appellant,

v.

**Samuel R. LYLE, John Drew Roland and the Estate of Miladie Fraser,**
Appellees.

No. 16724.

Court of Appeals of Texas, San Antonio.

Jan. 27, 1982.

Rehearing Denied Feb. 18, 1982.

Carl Raymond Crites, San Antonio, for appellant.

Ronald R. Flake, Adams, Flake & Hrncir, Universal City, Gerald T. Drought, Martin & Drought, Fritz K. Knust, San Antonio, for appellees.

Before CADENA, C. J., and KLINGEMAN, and BUTTS, JJ.

## OPINION

BUTTS, Justice.

This appeal arises from a suit between the parties, appellant, Equitable Trust Company, and appellees, John Drew Roland, Miladie Fraser, et al., however, no question on the merits of the case is before us for appellate review. The sole point of error is whether attorney's fees were properly awarded by the trial court to attorneys for two appellees in the litigation. The court granted attorney's fees following a contempt hearing ancillary to the main case.

We find the award of attorney's fees in the contempt proceeding to be unauthorized. The judgment of the district court is reversed and rendered.

On September 30, 1981, following a hearing in district court, the judge denied Equitable's motion for contempt against Samuel R. Lyle, the estate of Miladie Fraser, Deceased, and John Drew Roland.

Further, in the order, the court awarded attorney's fees in the sum of Five Hundred Dollars ($500.00) in favor of Ronald R. Flake and the sum of Five Hundred Dollars ($500.00) in favor of Gerald T. Drought, attorneys for the appellees named as respondents in the contempt motion.

Before granting the attorney's fees, the court received no evidence. Rather, counsel for Equitable stipulated that "[R]easonable attorney's fees, if it were legally allowed, would be $500.00 for either the prosecution or defense of this motion."

Appellees forcefully argue that the doctrine of judicial estoppel applies because "[T]he party is estopped by the fact of having alleged or admitted in his pleadings

in a former proceeding under oath the contrary to the assertion sought to be made," citing Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 (1956). This refers to appellant's first motion for contempt which was heard earlier in the district court. On May 3, 1977, following that hearing, the court entered its order of contempt and, in addition, awarded attorney's fees in the sum of Five Hundred Dollars ($500.00) to the attorney for Equitable. We do not doubt that Equitable invited the court to commit error by requesting an award of attorney's fees in both its 1977 and 1980 motions for contempt. We note, also, that appellees, in their answer to the second motion, requested attorney's fees.

The rule against taking inconsistent positions is grounded in equity and applies usually when these are factual matters. Long v. Knox, supra, dealt with inconsistent positions as to a matter of fact, whether certain property was separate property of the wife, as first asserted, or community property, as later claimed. The first assertion was made to defeat creditors' claims, while the second was urged to benefit the husband's heir. The Supreme Court held the property to be separate, basing its judgment on judicial estoppel and sound public policy. However, an earlier position on a matter of law which is inconsistent to the present position ordinarily will not work as an estoppel, particularly where the earlier position is based upon unsound or untenable law. See 31 C.J.S. Estoppel § 117, p. 613. We hold that the doctrine of judicial estoppel does not apply under the circumstances of this case.

A district court possesses all powers necessary to enforce its lawful orders, including the power to punish for contempt. Tex.Rev.Civ.Stat.Ann. art. 1911a (Vernon Supp. 1965–1981Z). As stated in In re Neidert, 583 S.W.2d 461, 463 (Tex.Civ.App.—Amarillo 1979, no writ), punishment for contempt by a district court may be by fine not to exceed $500.00, confinement in the county jail up to six months, or both. Art. 1911a § 2(a). In Neidert, at 463, the court

held that attorney's fees were improperly awarded "even upon a declaration of contempt."

In Texas the well settled law is the attorney's fees are not recoverable in an action unless provided by statute or a contract between the parties. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914, 915 (Tex.1967). The statutory provisions allowing recovery of attorney's fees are in derogation of the common law and must be subject to strict contruction. *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893, 895 (Tex.1962). The necessary statutory basis for an award of attorney's fees can be found only in express terms of the statute in question. *Knebel v. Capital Nat'l Bank in Austin*, 518 S.W.2d 795, 804 (Tex.1975).

Appellees in this case do not plead a statute which would authorize the award of attorney's fees. The court's search reveals no statute to support the award. Therefore, absent a contractual or statutory basis, the trial court lacked authority to assess attorney's fees based either upon a finding of contempt or a denial of the contempt motion.

The judgment is reversed, and judgment is hereby rendered that the award of attorney's fees be set aside.