Dale DODSON, Appellant,

v.

Trev SEYMOUR, as Independent Executor of the Estate of Betty Brown Dodson, Deceased, and Diane Dodson, Appellees.

Nos. 04-83-00466-CV, 04-83-00495-CV.

Court of Appeals of Texas, San Antonio.

Dec. 28, 1983.

Steven G. Cennamo, Law Offices of Bruce Waitz, P.C., San Antonio, for appellant.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, Mason Terry, Austin, for appellees.

Before BUTTS, CANTU and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from an injunction issued by the county court sitting in probate. TEX.REV.CIV.STAT.ANN. art. 2251 (Vernon 1971); TEX.R.CIV.P. 385. Appellant is Dale Dodson; appellees are his sister, Diane Dodson and the independent executor of a will, Trev Seymour. We have joined an original proceeding and the appeal on the merits because they involve the same issues; this court issued a temporary injunction to protect its jurisdiction until final disposition of the merits and accelerated the

appeal. Dale questions the validity of the probate court injunction in his first three points of error. He also argues that forcible entry and detainer was the appropriate legal remedy and there was want of proper service. We overrule the points of error and affirm the court's order.

This appeal arises from a will dispute between Dale and Diane, co-devisees under their mother's will. The will appointed them independent co-executors and authorized them to sell the real property to pay the debts and taxes of the estate. Finding the two could not jointly manage the estate, the court appointed Seymour as successor independent executor. TEX.PROB.CODE ANN. §§ 154; 154A (Vernon 1980).[1] The only real property of the estate concerned in this appeal consists of an apartment complex (the 32-unit Springdale Apartments) and a private house, both located in Del Rio. Justifying the sale of the apartments as necessary to pay federal estate and state inheritance taxes, the executor entered into an earnest money contract and applied to the probate court for permission to sell. § 341.

Thereafter the executor, joined by Diane as intervenor, petitioned the court for an injunction against Dale, requesting that he be ordered to remove his personal property from the house and that he be enjoined from going on or about the apartments or contacting the employees of the complex. Granting the temporary restraining order, the court set the temporary injunction for hearing. The court conducted one or more telephone conferences. There is no dispute that Dale and his attorney participated in the telephone conferences. Seymour and Diane participated through their attorneys. The thrust of Dale's argument is that, although the order that issued is termed "Agreed Order," it is, in reality, not what he understood the agreement to be. The order, which is the temporary injunction before us, directs Dale to remove his belongings from the house and not to occupy it. It permits him to use the manager's apartment at the complex for stor-

age and temporary quarters while in Del Rio, and it prohibits him from contacting the managers of the complex, although they may contact him. The order states, in part:

... At the beginning of the conference hearing, the Court was advised by the parties that an agreement had been arrived at, which agreement the parties wished to recite to the Court and make a part of the record.

Having heard and considered the parties' agreement, the Court is of the opinion that it is satisfactory and should be made the Order of this Court.

\* \* \* \* \* \*

Dale argues the order fails to comport with the agreement reached by the parties; he did not consent to the order; and he did not sign the agreed order pursuant to TEX.R. CIV.P. 11. As stated in *Matthews v. Looney,* 132 Tex. 313, 123 S.W.2d 871, 872 (1939),

It is elementary that a judgment by consent is one [sic] the terms of which are settled and agreed upon by the parties, and which is entered of record by the sanction and authorization of the court. It is of course essential that the parties themselves agree upon all of the terms and provisions, and the court has no power to supply terms, provisions, or essential details not previously agreed to by the parties.

There is no statement of facts in this case. *See* TEX.R.CIV.P. 377, 378. It has not been shown that Dale made any request for the conference or conferences to be recorded and transcribed. Nor has it been shown that any pleading was filed, such as a motion for judgment following the conferences or a motion to reconsider issuance of the injunction. We note a conference, apparently the last, occurred on August 25, 1983, and the order was signed on September 22, 1983. We cannot say that Dale has demonstrated due diligence either to obtain a statement of facts or to cause the order to be corrected or to conform to the truth or to be set aside. *Compare Gilbert v. Single-*

---

1. All references are to the Texas Probate Code unless otherwise stated.

*ton,* 611 S.W.2d 163 (Tex.Civ.App.—Austin 1981, no writ) with *Milstead v. Milstead,* 633 S.W.2d 347 (Tex.Civ.App.—Corpus Christi 1982, no writ).

In *Milstead, supra,* that appellant filed pleadings in the trial court to cause the transcript of the settlement agreement "to be corrected or to conform to the truth and to vacate the judgment." He asked also that his proposed judgment be substituted. Milstead, the appellant, relied upon the rule that a valid agreed judgment cannot be entered when the consent of one of the parties is lacking, and he showed without question his lack of consent. *Burnaman v. Heaton,* 150 Tex. 333, 240 S.W.2d 288, 291 (1951). Because the terms of the settlement *as dictated into the record* were shown to vary from the judgment signed by the court, the *Milstead* court, at 348, held the trial judge had altered the settlement agreement. A trial court has no power to supply terms, provisions or details not previously agreed to by the parties. *Id.*

Unlike *Milstead,* there is nothing in this record to support Dale's contention that the judgment as signed and entered did not comport with the agreement. We do not have before this court terms of any other agreement shown by a statement of facts, bill of exception (Rule 372), an evidentiary hearing on a motion to vacate the judgment, or otherwise. *See Samples Exterminators v. Samples,* 640 S.W.2d 873 (Tex. 1982), regarding effective revocation of consent.

■ Dale does not contend he did not participate in the telephone conference, nor does he say he objected to that procedure to notify the trial judge of the parties' agreement. We find he cannot now protest the method for the first time on appeal. As noted earlier, we have nothing before the court to show his revocation of the agreement, nor what any other terms and provisions might have been. Absent proof of those differences, we must presume the order properly reflects the agreement of the parties. There is nothing in the record to show that Dale took any steps to repudiate the agreement at the trial level. A matter also considered by this court is that Dale has never stated that he did not authorize his attorney to participate in the settlement agreement. The law is that every reasonable presumption will be indulged in favor of a settlement made by an attorney duly employed. *Fail v. Lee,* 535 S.W.2d 203, 208 (Tex.Civ.App.—Fort Worth 1976, no writ). There was no withdrawal of Dale's consent prior to the order being entered. *See Burnaman v. Heaton, supra.* We therefore find the recitations in the order that it is based on an agreement to be valid; no evidence in the record shows otherwise.

■ We further find that any protection which Dale might have sought from the application of TEX.R.CIV.P. 11[2] was waived when he took no action to repudiate the agreement and withdraw his consent. *Stewart v. Mathes,* 528 S.W.2d 116, 119 (Tex.Civ.App.—Beaumont 1975, no writ). *See also Carter v. Carter,* 535 S.W.2d 215 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.).

■ Regarding Dale's fifth point of error that there was no service of process, we find there was waiver of any service of process. A party may waive service in a temporary injunction suit as in any other suit. An appearance constitutes waiver. TEX.R.CIV.P. 124. Dale has not argued he did not participate in the telephone conference which resulted in the order. *See Millwright's Local Union No. 2484 v. Rust Engineering Co.,* 424 S.W.2d 283 (Tex.Civ.App.—Beaumont 1967), *rev'd on other grounds,* 433 S.W.2d 683 (Tex.1968). TEX.R.CIV.P. 685 and 686 make it clear service of citation, obligatory at the commencement of new suits, is not required when the temporary injunction hearing occurs during a pending suit, as in this case. However, under Rule 681 notice would be required unless waived or an appearance entered.

**2.** Rule 11 provides:

No agreement between attorneys or parties touching any suit pending will be enforced un-less it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

*Day v. State,* 489 S.W.2d 368, 372 (Tex. Civ.App.—Austin 1972, writ ref'd n.r.e.) emphasizes the rule that where a judgment recites a particular party appeared, such recital is presumed true. That court stated, however, the presumption established by this rule is subject to rebuttal. "Rebuttal was not shown in this case." We hold, accordingly, Dale entered his appearance and service of process was not required.

When there is no statement of facts and no contrary evidence to rebut the presumption of correctness of the order, every presumption must be indulged in its favor, the court having jurisdiction of the subject matter and the parties. *McElyea v. Parker,* 125 Tex. 225, 81 S.W.2d 649, 653 (1935). We hold the injunction order to be valid and enforceable.

In point of error four Dale argues the writ of injunction should not have issued because there was an adequate remedy at law, forcible entry and detainer. The general rule, however, is not rigidly enforced when its effect does not result in complete relief. Consideration is given to the practicality and efficiency of the relief at law. *Story v. Story,* 142 Tex. 212, 176 S.W.2d 925, 927 (1944). The term "complete" denotes a legal remedy adequate enough to prevent issuance of a writ of injunction. *Rogers v. Daniel Oil & Royalty Co.,* 130 Tex. 386, 110 S.W.2d 891, 894 (1937). Extraordinary relief may be granted when other available remedies are not "full, adequate, and complete." *Salgo v. Matthews,* 497 S.W.2d 620, 625 (Tex.Civ. App.—Dallas 1973, writ ref'd n.r.e.). The injunction in the present case not only orders removal from the premises of the house, it further assures orderly administration of the estate as to the apartment complex. *See Baucum v. Texam Oil Corp.,* 423 S.W.2d 434 (Tex.Civ.App.—El Paso 1967, writ ref'd n.r.e.).

The probate court in this case clearly had the power to order injunctive relief to assure the orderly administration of the estate. *Lucik v. Taylor,* 596 S.W.2d 514 (Tex.1980); TEX.PROB.CODE ANN. § 5A.

We overrule the points of error and affirm the judgment. This decision necessitates dissolving the temporary injunction which this appellate court issued.

The judgment in cause no. 04–83–00495–CV is affirmed. The temporary injunction issued by the court in cause no. 04–83–00466–CV is hereby dissolved.