TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00545-CV






In re Edward D. Jones & Co., Relator






ORIGINAL PROCEEDING FROM MILAM COUNTY






PER CURIAM

 In this mandamus proceeding, relator Edward D. Jones & Co. ("Jones") seeks relief
from a judgment of contempt for violating a temporary restraining order. We hold that the trial
court abused its discretion by finding Jones in contempt and awarding attorney's fees. We
conditionally grant Jones's petition for writ of mandamus.


Background


 In November 1996 in Cameron, Texas, James Cox opened a Jones account in his
name and deposited $204,978.31 into that account ("the Single Account"). James instructed Jones
to purchase Federal National Mortgage Association bonds ("FNMA certificates") with the
deposited funds. In June 1997, James directed Jones to open a joint account with a right of
survivorship feature for him and his son Brian ("the James/Brian account"). James directed Jones
to deposit the FNMA certificates into the James/Brian account and deposit the income from the
bonds into the Single Account. In August, shortly before James died he instructed Jones to sell
the FNMA bonds in the James/Brian account and to deposit the proceeds into that account. Jones
made the sale and transferred the proceeds. Later that month James died. After his father died,
pursuant to the right of survivorship feature on the James/Brian account, Brian asked Jones to
issue a check to him for the proceeds. Jones issued its check representing all of the proceeds of
the FNMA certificates to Brian on September 18 or 19 in the amount of approximately $195,000. 
On September 22, Brian used the proceeds check to open a Jones account in California ("the
California account").

 On September 23, Margie Cox, James's widow, filed suit against Jones and Brian
and sought a temporary restraining order and a temporary injunction. She alleged that Brian
wrongfully gained the FNMA proceeds and that Jones violated the Deceptive Trade Practices Act,
Tex. Bus. & Com. Code Ann. § 17.41 et seq. (West Supp. 1999), and negligently permitted the
transfer to occur. On September 24, the trial court signed an ex parte temporary order that
restrained Jones and Brian in the following manner:


ORDERED that Brian M. Cox and Edward D. Jones & Co., L.P., Defendants, be
and they hereby are, restrained and enjoined without notice from transferring the
cash proceeds of the FNMA Certificates or its cash equivalent to Brian Cox, or
otherwise disposing of same, and if the cash or its cash equivalent have already
been transferred to Brian Cox, restraining Brian Cox from further transferring or
disposing of said cash or its cash equivalent. . . . 



The trial court set a temporary injunction hearing for October 8, 1997. On September 26, the
Jones agent in Cameron was served with the petition and the temporary restraining order. The
Jones home office and the department responsible for placing holds on accounts received a copy
of the order on October 1. Brian testified that he received notice of the temporary restraining
order on October 2. Before he received notice of the temporary restraining order, he had written
two checks out of the California account, one on September 29 for $20,000 to reimburse his in-laws and one on September 30 for $24,977.01 to purchase a car. Jones paid the $24,977.01 check
on October 2 and paid the $20,000 check on October 14.

 On October 8, the trial court held the temporary injunction hearing. At the
conclusion of the hearing that day, the trial court attempted to orally extend the temporary
restraining order. Although the record is unclear about the length of the extension, the trial court
signed the temporary injunction on October 23, fifteen days after the hearing.

 On March 27, 1998, Margie filed a motion to show cause why Jones and Brian
should not be held in contempt of court for disobeying the temporary restraining order and the
temporary injunction based upon Jones paying the $24,977.01 check on October 2 and the $20,000
check on October 14. In June, the trial court held a hearing and signed a judgment of contempt
on August 10, 1998. The court held that Jones violated the temporary restraining order on two
dates, October 2 and October 14, by paying the two checks. The court did not hold Brian in
contempt since he did not receive notice of the temporary restraining order until October 2. 
Further, the court did not hold either Jones or Brian in contempt for violating the temporary
injunction. The court ordered Jones to pay into an interest-bearing account in the registry of the
court the sums of $24,977.01 and $20,000 plus interest. Additionally, the court ordered Jones to
pay Margie attorney's fees of $7,250.

 Jones filed a petition for writ of mandamus contending that the trial court abused
its discretion by holding Jones in contempt because (1) the temporary restraining order expired
before October 14, 1997, when Jones cashed the $20,000 check; and (2) the restraining order was
not specific enough to support a contempt judgment. Additionally, Jones contends that the trial
court erred in awarding Margie attorney's fees.


Discussion


 Mandamus will issue only if a court has clearly abused its discretion and the
aggrieved party has no adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992). Contempt orders that do not involve confinement cannot be reviewed by writ of
habeas corpus, and the only possible relief is a writ of mandamus. In re Long, 41 Tex. S. Ct. J.
1129 (July 3, 1998) (citing Rosser v. Squier, 902 S.W.2d 962, 962 (Tex. 1995)); Kidd v. Lance, 794
S.W.2d 586, 587 n.1 (Tex. App.--Austin 1990, orig. proceeding).

 Courts may enforce their orders by contempt. See Lassiter v. Shavor, 824 S.W.2d
667, 669 (Tex. App.--Dallas 1992, no writ) (quoting Equitable Trust Co. v. Lyle, 627 S.W.2d
824, 825 (Tex. App.--San Antonio 1982, writ ref'd n.r.e.)); Tex. Gov't Code Ann. §§ 21.001,
.002 (West 1988 & Supp. 1999). Courts possess all inherent powers necessary for the
enforcement of their lawful orders. See Lyle, 627 S.W.2d at 825; Tex. Gov't Code Ann.
§ 21.001(a) (West 1988).


Attempted Extension of the Temporary Restraining Order

 First, we address the trial court's attempt to orally extend the temporary restraining
order. Every temporary restraining order granted without notice to the adverse party shall expire
by its terms within fourteen days after it was signed. Tex. R. Civ. P. 680. If good cause is
shown, one extension may be granted for an additional fourteen days or longer if the party against
whom the order is directed consents that it may be extended for a longer period of time. Id. The
reasons for the extension shall be entered of record. Id. Absent some special statutory authority,
a party may not be held in contempt of a temporary restraining order that has been orally
extended. Ex parte Lesikar, 899 S.W.2d 654 (Tex. 1995). "An oral extension of a [temporary
restraining order] is ineffective, and the contemnor must have notice of the actual written extension
before he can be charged with contempt." Id. (citing Ex parte Conway, 419 S.W.2d 827, 828
(Tex. 1967)) (emphasis added).

 The trial court signed the temporary restraining order on September 24, 1997. At
the close of the temporary injunction hearing on October 8, the trial court attempted orally to
extend the temporary restraining order. Later, at the contempt hearing, the court determined that
Jones violated the temporary restraining order when it paid Brian's checks on October 2 and
October 14. The temporary restraining order signed on September 24, 1997, expired by its terms
on October 8. Because no special statutory authority applies and since the trial court did not
extend the temporary restraining order by a written order, Jones may not be held in contempt for
paying the $20,000 check out of the California account on October 14th. See Lesikar, 899 S.W.2d
at 654.

 The remaining issue is whether Jones may be held in contempt for violating the
temporary restraining order by paying the $24,977.01 check on October 2.


Constructive Contempt

 The contempt alleged in this case is constructive contempt: a violation of a
reasonably specific written court order that occurred outside the presence of the court. Ex parte
Chambers, 898 S.W.2d 257, 258 (Tex. 1995). We review whether the order Jones is accused of
violating is sufficiently specific to support a judgment of contempt.

 To support a judgment of contempt, Texas law requires that the underlying decree
set forth the terms of compliance in clear, specific and unambiguous terms so that the person
charged with obeying the decree will readily know exactly what duties and obligations are imposed
upon him. Id. (citing Ex parte MacCallum, 807 S.W.2d 729, 730 (Tex. 1991); Ex parte Hodges,
625 S.W.2d 304, 305 (Tex. 1981); Ex parte Slavin, 412 S.W.2d 43, 44 (Tex. 1967)). A court
order is insufficient to support a contempt judgment if its interpretation requires inferences or
conclusions about which reasonable persons might differ. Chambers, 898 S.W.2d at 260 (citing
MacCallum, 807 S.W.2d at 730). Only the existence of reasonable alternative constructions will
prevent enforcement of the order. Chambers, 898 S.W.2d at 260.

 We conclude that the temporary restraining order is subject to reasonable alternative
constructions and lacks the specificity required for enforcement by contempt. The order restrained
Jones "from transferring the cash proceeds of the FNMA certificates or its cash equivalent to
Brian Cox, or otherwise disposing of the same." The order then continued and stated that "if the
cash or the cash equivalent have already been transferred to Brian Cox then Brian Cox is
restrained from further transferring or disposing of said cash or its cash equivalent. . . ." This
language could be interpreted by a reasonable person to mean that once Jones transferred the
proceeds to Brian, which it did on September 18 or 19, it was not subject to the order. 
Alternatively, it could be construed to mean that Jones would violate the order if it transferred any
cash proceeds from the FNMA certificates out of any account. Because the temporary restraining
order is subject to reasonable alternative constructions it is not sufficiently specific to support a
judgment of contempt. The trial court abused its discretion by holding Jones in contempt of court
for violating the temporary restraining order.


Attorney's Fees

 Finally, we set aside the trial court's order that Jones pay Margie attorney's fees. 
Even upon a proper finding of contempt, attorney's fees are not recoverable in a contempt action
because no statutory authority exists allowing such an award. See Equitable Trust Co. v. Lyle, 627
S.W.2d 824, 826 (Tex. App.--San Antonio 1982, writ ref'd n.r.e.) (citing Marriage of Neidert, 583
S.W.2d 461, 462 (Tex. Civ. App.--Amarillo 1979, no writ)). 


Conclusion


 We conditionally grant the writ of mandamus. We are confident the trial court will
vacate its contempt judgment, and the writ will issue only if it fails to do so. Additionally, we
dissolve the temporary stay of the underlying cause number 25,615 in the 20th District Court of
Milam County imposed by order of this Court on October 19, 1998.


Before Justices Jones, B. A. Smith and Yeakel

Mandamus Conditionally Granted

Filed: February 25, 1999

Do Not Publish



he can be charged with contempt." Id. (citing Ex parte Conway, 419 S.W.2d 827, 828
(Tex. 1967)) (emphasis added).

 The trial court signed the temporary restraining order on September 24, 1997. At
the close of the temporary injunction hearing on October 8, the trial court attempted orally to
extend the temporary restraining order. Later, at the contempt hearing, the court determined that
Jones violated the temporary restraining order when it paid Brian's checks on October 2 and
October 14. The temporary restraining order signed on September 24, 1997, expired by its terms
on October 8. Because no special statutory authority applies and since the trial court did not
extend the temporary restraining order by a written order, Jones may not be held in contempt for
paying the $20,000 check out of the California account on October 14th. See Lesikar, 899 S.W.2d
at 654.

 The remaining issue is whether Jones may be held in contempt for violating the
temporary restraining order by paying the $24,977.01 check on October 2.


Constructive Contempt

 The contempt alleged in this case is constructive contempt: a violation of a
reasonably specific written court order that occurred outside the presence of the court. Ex parte
Cha