TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00233-CV






In re Ruth Woollett and Jane Vorwerk






ORIGINAL PROCEEDING FROM MILAM COUNTY






PER CURIAM


 In this mandamus proceeding, relators Ruth Woollett and Jane Vorwerk seek relief
from an order of contempt for violation of certain provisions of a temporary injunction. We hold
that the trial court abused its discretion by finding relators in contempt and in awarding attorney's
fees. Accordingly, we conditionally grant the writ of mandamus in part.


Background


 On September 28, 1998, the trial court appointed Bill Matyastik, the temporary 
guardian for Rose Matyastik, the mother of Bill and the relators, and signed a temporary
injunction prohibiting relators from various activities. Relators did not perfect an appeal of the
original order, although they subsequently sought mandamus relief from the order which this
Court denied. According to the record, the hearing to appoint a permanent guardian is scheduled
for May 17, 1999.

 At issue in this original proceeding is a May 7, 1999 order which, inter alia,
modified the temporary injunction, enforced by order of contempt certain provisions of the
injunction, terminated the relators' rights to visit their mother without invitation from the
temporary guardian, and imposed sanctions. The trial court held relators in contempt of court for
violation of the temporary injunction, "particularly the last two injunctive provisions" which
prohibit:


Instituting any action in any county, state or nation against BILL MATYASTIK,
ROSE MATYASTIK, MILTON J. MATYASTIK, ROBERT L. MATYASTIK,
ROSE M. SNIDER, PAUL MATYASTIK or any of them or the agents of any of
them without prior approval of this Court. (1)


Interfering either directly or indirectly with any person or entity employed by the
temporary guardian as a caregiver for ROSE MATYASTIK.



The trial court fined each relator $500, sentenced them to jail for six months, suspended, and
placed each on probation for one-year. In addition, the trial court imposed a $15,000 sanction
against relators. 

 Relators filed a petition for writ of mandamus contending that the trial court erred
in modifying the temporary injunction because the temporary injunction is void due to of a service
defect, in finding them in contempt without advising them of their right to counsel, and in
imposing a $15,000 sanction in a contempt proceeding. (2) 

Discussion


Lack of Service of Temporary Injunction on Relator Jane Vorwerk

 Relators argue that because the guardian failed to properly serve Relator Jane
Vorwerk with the temporary injunction, it is void. See Tex. R. Civ. P. 681 (no temporary
injunction shall be issued without notice to the adverse party). Therefore, relators argue, any
modification or enforcement of a void injunction is also void. As support for their argument,
relators have provided the return of service which indicates the notice was not executed, and their
verified statement in the petition for mandamus that "the injunction is for people who were not
parties and were not before the court." The order granting the temporary injunction states,
"[a]ppearing in person and by attorneys were Bill Matyastik, Ruth Matyastik and Jane
Matyastik." (3)

 A party may waive service in a temporary injunction suit as in any other suit. 
Dodson v. Seymour, 664 S.W.2d 158, 161 (Tex. App.--San Antonio 1983, no writ). An
appearance constitutes waiver. Id.; see Tex. R. Civ. P. 120. Where a judgment or order recites
a particular party appeared, such recital is presumed to be true. See Dodson, 664 S.W.2d at 162.
When there is no statement of facts and no contrary evidence, the presumption of correctness of
the order must be indulged, and we assume the court had jurisdiction over the parties and subject
matter. Id. When a judgment or order is collaterally attacked, extrinsic evidence may not be used
to establish a lack of jurisdiction. See Huffstutlar v. Koons, 789 S.W.2d 707, 710
(Tex.App.--Dallas 1990, no writ). The recitations in a judgment or order control the rest of the
record. Id. Even if other parts of the record show a lack of jurisdiction contradicting recitations
in the judgment, the recitations control and the collateral attack fails. Id. Thus, the sworn
statement of not being before the court and the return of service cannot be used to collaterally
attack the recitations in the order. The recitations in the order show an appearance was made by
relator Jane Vorwerk in person and through her attorney. We conclude that relators have not
shown that the temporary injunction is void due to a defect in service.


Failure to Advise Relators of Right to Counsel in Contempt Proceeding Renders Contempt Void

 According to the record before this Court, it is undisputed that the trial court failed
to advise relators of their right to counsel before holding them in contempt for violation of the
temporary injunction. (4) "The right to counsel turns on whether deprivation of liberty may result
from a proceeding, not upon its characterization as 'criminal' or 'civil.'" Ex parte Strickland, 724
S.W.2d 132, 134 (Tex. App.--Eastland 1987) (orig. proceeding) (quoting Ridgway v. Baker, 720
F.2d 1409, 1413 (5th Cir. 1983)). If imprisonment, by whatever process it is adjudicated, is a
possible result of a proceeding, the person threatened with incarceration has the right to an
attorney. See Ex parte Strickland, 724 S.W.2d at 134. Moreover, the trial court has a duty to
assure that the contemnor is aware of the right to retain an attorney or to be appointed counsel if
indigent. See Ex parte Gonzales, 945 S.W.2d 830, 836-37 (Tex. Crim. App. 1997) (orig.
proceeding); see also Ex parte Goodman, 742 S.W.2d 536, 542 (Tex. App.--Fort Worth 1987)
(orig. proceeding); Ex parte McIntyre, 730 S.W.2d 411, 415 (Tex. App.--San Antonio 1987)
(orig. proceeding). The right to counsel in any constructive contempt cause, whether civil or
criminal, in which the accused can be denied his liberty is guaranteed under the sixth and
fourteenth amendments to the Constitution. Ex parte Strickland, 724 S.W.2d at 134. A contempt
order entered without a valid waiver of the right to counsel is void. Id. at 135. According to the
record, relators were not so admonished. Accordingly, we set aside paragraph six of the trial
court's order sentencing relators to six months in jail, suspended.


Attorney's Fees Cannot be Awarded in a Contempt Action

 The trial court also awarded a $15,000 sanction against the relators, jointly and
severally, "because of the abuse of the processes of the Courts and the filing of an unauthorized
federal lawsuit thereby requiring increased attorney fees and costs of the estate of the Ward." 
Attorney's fees are not recoverable in a contempt action because no statutory authority exists
allowing such award. See Equitable Trust Co. v. Lyle, 627 S.W.2d 824, 826 (Tex. App.--San
Antonio 1982, writ ref'd n.r.e.) (citing Marriage of Neidert, 583 S.W.2d 461, 462 (Tex. Civ.
App.--Amarillo 1979, no writ). Accordingly, we set aside paragraphs seven and eight of the trial
court order that orders relators' to pay the $15,000 in attorney's fees as a sanction.


Conclusion


 We conditionally grant the writ of mandamus in part. We are confident that the 
court will vacate its order in accordance with this opinion, and the writ will only issue if it fails
to do so. The remaining provisions of the order remain in effect. We overrule relators' motion
for emergency relief. 


Before Justices Jones, B.A. Smith and Yeakel

Mandamus Conditionally Granted in Part and Denied in Part

Filed: May 13, 1999

Do Not Publish
1. Although not challenged by accelerated appeal, see Tex. Civ. Prac. & Rem. Code § 51.014,
we note that this particular provision appears to violate the Open Courts provision of the Texas
Constitution. See Johnson v. Smith, 857 S.W.2d 612, 618 (Tex. App.--Houston [1st Dist.] 1993)
(orig. proceeding); Tex. Const. art. I, § 13.
2. Relators make additional arguments, however, we are addressing only the arguments that
are proper for mandamus relief. See Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992)
(mandamus will issue only if a court has clearly abused its discretion and the aggrieved party has
no adequate remedy by appeal).
3. The record indicates that Jane Matyastik and Jane Vorwerk are the same person.
4. Relators' verified petition states that they were not advised of their right to an attorney. No
reporter's record of the hearing has been provided and respondent has not controverted the failure
to admonish relators.



e the court and the return of service cannot be used to collaterally
attack the recitations in the order. The recitations in the order show an appearance was made by
relator Jane Vorwerk in person and through her attorney. We conclude that relators have not
shown that the temporary injunction is void due to a defect in service.


Failure to Advise Relators of Right to Counsel in Contempt Proceeding Renders Contempt Void

 According to the record before this Court, it is undisputed that the trial court failed
to advise relators of their right to counsel before holding them in contempt for violation of the
temporary injunction. (4) "The right to counsel turns on whether deprivation of liberty may result
from a proceeding, not upon its characterization as 'criminal' or 'civil.'" Ex parte Strickland, 724
S.W.2d 132, 134 (Tex. App.--Eastland 1987) (orig. proceeding) (quoting Ridgway v. Baker, 720
F.2d 1409, 1413 (5th Cir. 1983)). If imprisonment, by whatever process it is adjudicated, is a
possible result of a proceeding, the person threatened with incarceration has the right to an
attorney. See Ex parte Strickland, 724 S.W.2d at 134. Moreover, the trial court has a duty to
assure that the contemnor is aware of the right to retain an attorney or to be appointed counsel if
indigent. See Ex parte Gonzales, 945 S.W.2d 830, 836-37 (Tex. Crim. App. 1997) (orig.
proceeding); see also Ex parte Goodman, 742 S.W.2d 536, 542 (Tex. App.--Fort Worth 1987)
(orig. proceeding); Ex parte McIntyre, 730 S.W.2d 411, 415 (Tex. App.--San Antonio 1987)
(orig. proceeding). The right to counsel in any constructive contempt cause, whether civil or
criminal, in which the accused can be denied his liberty is guaranteed under the sixth and
fourteenth amendments to the Constitution. Ex parte Strickland, 724 S.W.2d at 134. A contempt
order entered without a valid waiver of the right to counsel is void. Id. at 135. According to the
record, relators were not so admonished. Accordingly, we set aside paragraph six of the trial
court's order sentencing relators to six months in jail, suspended.


Attorney's Fees Cannot be Awarded in a Contempt Action

 The trial court also awarded a $15,000 sanction against the relators, jointly and
severally, "because of the abuse of the processes of the Courts and the filing of an unauthorized
federal lawsuit thereby requiring increased attorney fees and costs of the estate of the Ward." 
Attorney's fees are not recoverable in a contempt action because no statutory authority exists
allowing such award. See Equitable Trust Co. v. Lyle, 627 S.W.2d 824, 826 (Tex. App.--San
Antonio 1982, writ ref'd n.r.e.) (citing Marriage of Neidert, 583 S.W.2d 461, 462 (Tex. Civ.
App.--Amarillo 1979, no writ). Accordingly, we set aside paragraphs seven and eight of the trial
court order that orders relators' to pay the $15,000 in attorney's fees as a sanction.


Conclusion


 We conditionally grant the writ of mandamus in part. We are confident that the 
court will vacate its order in accordance with this opinion, and the writ will only issue if it fails
to do so. The remaining provisions of the order remain in effect. We overrule relators' motion
for emergency relief. 


Before Justices Jones, B.A. Smith and Yeakel

Mandamus Conditionally Granted in Part and Denied in Part

Filed: May 13, 1999

Do Not Publish
1. Although not challenged by accelerated appeal, see Tex. Civ. Prac. & Rem. Code § 51.014,
we note that this particular provision appears to violate the Open Courts provision of the Texas
Constitution. See Johnson v. Smith, 857 S.W.2d 612, 618 (Tex. App.--Houston [1st Dist.] 1993)
(orig. proceeding); Tex. Const. art. I, § 13.
2. Relators make additional arguments, however, we are address